NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY R. ANDOE,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>KEVIN KEMPH, Director; et al.,<br><br>          Defendants-Appellees. | No. 16-35861<br><br>D.C. No. 1:16-cv-00287-REB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding**

Submitted July 11, 2017***

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Johnny R. Andoe, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        Andoe consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We reverse and remand.

Dismissal of Andoe's access-to-courts claim was proper because Andoe failed to allege facts sufficient to show that defendants' conduct caused actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement). However, Andoe was not given an opportunity to amend this claim prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Moreover, Andoe alleged in his verified complaint that he was transferred to another prison in retaliation for filing grievances, and the district court did not evaluate Andoe's retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (pro se pleadings are liberally construed). We reverse the judgment, and remand for the district court to consider Andoe's retaliation claim in the first instance, and to determine whether leave to

16-35861

amend the complaint would be appropriate.

We reject as meritless Andoe's contentions regarding the district court's treatment of his motion to reassign the case.

**REVERSED and REMANDED.**